# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| ANDREANA DENISE FLEMING, MICHAEL J. NELSON, JUDGE; AND OFFICE OF THE ATTORNEY GENERAL, | § § § § § | |
| | § | No.  6:26-CV-00193-LS |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **JON WOODS-BEY,** | § § | |
| *Defendant.* | § § | |

## DISMISSAL ORDER

*Pro se* Defendant Jon Woods-Bey removed this case to federal court under 28 U.S.C. § 1443. The case began as a state court dispute over child support and custody.

## I.      PROCEEDING *IN FORMA PAUPERIS*.

The Court grants Defendant's motion to proceed *in forma pauperis* because he represents that he has no money in any checking or savings account.[1]

## II.     LEGAL STANDARDS.

A party proceeding *in forma pauperis* is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

---

[1] ECF No. 1 at 2.
[2] 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact.[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

A court must consider the allegations in a *pro se* party's complaint liberally.[7] *Pro se* status does not, however, afford the party an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

## III.    ANALYSIS.

Defendant does not state a claim on which relief may be granted because the notice of removal fails to articulate specific claims or underlying facts. Furthermore, removal under 28 U.S.C. § 1443 applies to rights stated in terms of racial equality, not generally applicable constitutional rights.[9] Defendant's allegations do not implicate the denial or enforcement of his civil rights under a statute protecting racial equality, so they do not warrant removal under § 1443. Finally, a party must remove within thirty days of receiving the initial complaint or another "paper

---

[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986).
[9] *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) ("In spite of the potential breadth of the phrase 'any law providing for . . . equal civil rights,' it seems clear that in enacting s 641, Congress intended in that phrase only to include laws comparable in nature to the Civil Rights Act of 1866.").

from which it may first be ascertained that the case is . . . removable."[10] The parties have litigated in state court for years,[11] and Defendant does not identify a filing that prompted removal.

## IV.    NO LEAVE TO AMEND.

Courts ordinarily grant *pro se* parties leave to amend a complaint before dismissing a case unless the claimant has already pled his "best case."[12] Defendant does not state decipherable or removable claims. The Court finds that he has pled his best case and amendment would be futile.[13]

## V.    CONCLUSION.

The Court **GRANTS** Defendant's motion to proceed *in forma pauperis* [ECF No. 1]. With no allegations warranting removal under 28 U.S.C. § 1443, the Court **DISMISSES THIS MATTER WITH PREJUDICE**. In an abundance of caution and so as to avoid confusion in the state court, it also **REMANDS** this case to the 146th Judicial District Court of Bell County, Texas, under case number 258077.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 17, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[10] 28 U.S.C. § 1446(b)(1)–(3).
[11] *See, e.g.*, ECF No. 1-1 at 63 (Defendant's motion to dismiss state court case filed November 17, 2023).
[12] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).
[13] *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted.").